UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

WILIO ISAIAS CARRILLO CARRILLO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Field Office, ICE Enforcement and Removal Operations; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No.: 3:26-cv-05802-LEK-BJW

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Before this Court is Petitioner Wilio Isaias Carrillo Carrillo's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed on October 10, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden, Otay Mesa Detention Center; Daniel A. Brightman, Field Office Director, San Diego Field Office, ICE Enforcement and Removal Operations; David J. Venturella, Senior Official Performing the Duties of the

Director, U.S. Immigration and Customs Enforcement; U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of Homeland Security; U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Attorney General of the United States ("Respondents"), filed a response to the Petition ("Response") on October 20, 2026. [Dkt. no. 4.] Also, on October 20, 2026, Petitioner filed a traverse and reply to the Response. [Dkt. no. 5.]

## BACKGROUND

Petitioner, a citizen and native of Guatemala, entered the United States on January 5, 2018. See Petition at pg. 3; see also Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 10/1/26) at 3-4 (describing law enforcement contact with Petitioner on 8/16/18). On August 17, 2018, DHS issued Petitioner a Form I-862 Notice to Appear ("Form I-862") and a Form I-286 Notice of Custody Determination, stating that Petitioner was to be released on his own recognizance ("Form I-286"). See Petition, Exh. A (Form I-862 and Form I-286); see also id., Exh. B (DHS/ICE Order of Release on Recognizance, dated 8/17/18 ("Release Order")). Petitioner's release was conditioned on, among other things, Petitioner's participation in the DHS Alternatives to Detention program. See Petition at pgs. 3-4; id., Exh. B (Release Order) at 1. While the removal proceedings associated with the Form I-862 were pending, Petitioner lived with his family in Encinitas, California and applied for asylum. See Petition at pg. 4.

Petitioner states that he complied with all of the conditions of his release and, by September 2019, electronic monitoring was no longer required. DHS neither raised a question about Petitioner's compliance with the conditions of his release, notified Petitioner of an allegation that he violated a condition of his release, nor initiated the process to revoke Petitioner's release. See id. In fact, on June 6, 2022, DHS and Petitioner filed a joint motion to dismiss Petitioner's removal proceedings, and the

immigration court granted the motion on July 5, 2022. See id.; Petition, Exh. C (joint motion and order granting the motion).

On October 1, 2026, ICE officers arrested Petitioner at a gas station. Petitioner was transferred to the Otay Mesa Detention Center, in San Diego County, where he remained through the filing of the Petition. See Petition at pgs. 3-4. Petitioner did not receive any notice prior to his arrest that DHS was revoking his release. Petitioner was served with a Notice to Appear, dated October 1, 2026, but the Petition does not challenge that notice nor does it challenge the proceedings initiated by that notice. See id. at pg. 5. Petitioner argues that his re-detention violates his due process rights, see id. at pgs. 5-9, and he seeks, *inter alia*, immediate release, see id. at pgs. 9-10.

Respondents assert that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] However, they acknowledge that Petitioner was previously released from immigration custody on conditional parole under Section 1226(a), [id. at 1-2,] and they "do not contest the petition and defer to the Court as to the relief sought," [id. at 2].

**DISCUSSION**

This Court assumes, without deciding, that Section 1226 governs Petitioner's current detention. Section 1226(b) states that: "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." However, this district court has recognized that, when a noncitizen is subject to Section 1226, the revocation of his prior "release on conditional parole without a pre-deprivation hearing violate[s] his due process rights and render[s] his detention unlawful." See Gonzalez-Ruiz v. Warden/Facility Adm'r, Case No. 3:26-cv-04045-RBM-BJW, 2026 WL 2336174, at *2 (S.D. Cal. Aug. 11, 2026) (citing Faizyan v. Casey, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025)). While Respondents assert that this Court should decline to address Petitioner's due process arguments, see Response at 2

n.1, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on October 1, 2026. See Petition at pgs. 4-5. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention. Providing Petitioner

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[2]

Petitioner has also requested that this Court award him attorney's fees and costs. See id. at pg. 9. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Wilio Isaias Carrillo Carrillo's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed October 10, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's detention on October 1, 2026. Respondents are ORDERED to release Petitioner in this District within **twenty-four hours** after the filing of this Order.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless it is determined in a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor on Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

---

[2] Respondents point out that Petitioner had a bond hearing scheduled, but the hearing was withdrawn at Petitioner's request. See Response at 2; Response, Exh. 3 (Order of the Immigration Judge, dated 10/19/26, noting withdrawal). The fact that Petitioner did not go forward with the bond hearing is not relevant to the issue of whether Petitioner's detention on October 1, 2026 violated his due process rights.

The parties are ORDERED to file a joint status report by **October 28, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 21, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**WILIO ISAIAS CARRILLO CARRILLO VS. CHRISTOPHER J. LAROSE ET AL.; CASE NO. 3:26-CV-05802-LEK-BJW; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**